```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
JONATHAN WHARTON,

                    Plaintiff,

        -against-                        MEMORANDUM & ORDER
                                         10-CV-0265(JS)(AKT)

NASSAU COUNTY and NASSAU COUNTY
SHERIFF'S DEPARTMENT,

                    Defendants.
----------------------------------x
APPEARANCES:
For Plaintiff:      Frederic K. Brewington, Esq.
                    Valerie M. Cartright, Esq.
                    556 Peninsula Boulevard
                    Hempstead, NY 11550

For Defendants:     Barbara E. Van Riper, Esq.
                    Nassau County Attorney
                    One West Street
                    Mineola, NY 11501

                    Joshua Michael Jemal, Esq.
                    Bee Ready Fishbein Hatter & Donovan LLP
                    170 Old Country Road
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Pending before the Court is Plaintiff Jonathan Wharton's ("Plaintiff") motion for a default judgment (Docket Entry 12) and a letter requesting that the Court not accept Defendants' Answer (Docket Entry 13).  Plaintiff's motion for a default judgment is DENIED for failure to comply with Eastern District Local Civil Rule 55.2(b), which directs parties seeking a default judgment to obtain a certificate of default from the Clerk of the Court.  Further, for the reasons that follow, a default judgment is not justified, and

Defendants' Answer is DEEMED TIMELY FILED.

BACKGROUND

Plaintiff, acting pro se, commenced this action on January 15, 2010 and served Defendants on March 10, 2010.[1] According to Defendants, the service copy of the Complaint was missing several pages of exhibits. (Def. Opp. at 1-2.) Defendants' attorney contacted Plaintiff by phone and alerted him that these pages were missing, (id.), and the parties verbally agreed that Plaintiff would serve a complete copy of the Complaint and that Defendants would have thirty (30) days from the date of service to answer or otherwise defend the suit. (Id. at 2.) Plaintiff served all but one of the missing pages on March 25, 2010. (Id.) According to Defendants, Plaintiff never served page 13 of the document docketed as Entry 1-1 on the Court's Electronic Case Filing system ("ECF"). (Id.) Defendants filed an Answer on April 20, 2010, and Plaintiff moved for a default judgment on April 21, 2010.

The parties' stipulation purporting to extend Defendants' time to Answer the Complaint was never submitted to this Court for approval. In addition, Plaintiff has neither conceded nor denied that such an agreement was made. In his letter requesting that the Court reject Defendants' Answer as untimely, Plaintiff simply argues that a request for an extension was not docketed on ECF and

---

[1] Plaintiff has since retained counsel.

that he never received "correspondence" from the Court or from Defendants regarding such a request. (Docket No. 13)

DISCUSSION

Setting aside whether Plaintiff completed proper service either on March 10 (when he allegedly served the Complaint with missing exhibit pages) or on March 25 (when he allegedly served some but not all of the missing pages), and setting aside whether the alleged agreement purporting to extend the time to answer was effective, the Court concludes that Plaintiff is not entitled to a default judgment for the following reasons.

I. Standard for Entering a Default Judgment

Whether or not to enter a default judgment is left to the Court's discretion. Enron Oil Corp. v. Masonori Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). In exercising that discretion, the Court is guided by a strong preference to resolve disputes on their merits, id., and considers three factors: (1) whether the delay was willful; (2) whether the Defendants can assert a meritorious defense; and (3) whether the Plaintiff has been prejudiced. See id.; see also, e.g., Franco v. Ideal Mortgage Bankers, Ltd., No. 07-CV-3965 (JS) (AKT), 2010 WL 3780972, at *2 (E.D.N.Y. Aug. 23, 2010) (report and recommendation).

II. Plaintiff is Not Entitled to a Default Judgment

In this case, all three factors weigh against entering a default judgment. There is no suggestion that Defendants willfully

3

ignored the Complaint: they filed an Answer on April 20, just forty-one days after Plaintiff's initial attempt at service on March 10, 2010, and before Plaintiff moved for a default judgment. Even without considering whether service was proper or whether the parties' alleged stipulation was effective, the worst that can be said about Defendants' behavior is that they missed a deadline and then, without prompting by Plaintiff, corrected their mistake by filing an Answer after a relatively short delay. Such conduct is arguably careless, but it does not rise to the level of willfulness required for a default judgment. See SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) ("[W]illfulness, in the context of a default, . . . refer[s] to conduct that is more than merely negligent or careless.").

The Defendants have also raised meritorious defenses to Plaintiff's suit. Whether a defendant seeking to avoid a default judgment has offered meritorious defenses depends not on the likelihood of success; rather, the test is whether the defendant's position, "if proven at trial, would constitute a complete defense." See Enron Oil Corp., 10 F.3d at 98. "A meritorious defense exists if based on the defendant's version of events, the factfinder has some determination to make." Am. Stevedoring, Inc. v. Banana Distributors, Inc., No. 98-CV-5782 (BSJ), 1999 WL 731425, at *3 (S.D.N.Y. Sept. 20, 1999). Defendants, by filing an Answer that denies Plaintiff's allegations and raises fourteen affirmative

defenses, have mounted a meritorious, although untested, defense. See Franco, 2010 WL 3780972, at *3 (recommending that Defendant who filed an answer asserting twenty-five affirmative defenses be considered to have raised a meritorious defense).

Finally, Plaintiff has suffered no prejudice. If Plaintiff had completed service on March 10, then Defendants' response would have been due on March 31. Instead, Defendants filed their Answer on April 20, just twenty days later. There is no suggestion that a twenty-day delay prejudiced Plaintiff by making it more difficult, for example, to conduct discovery or obtain a recovery. See, e.g., Callahan v. New York City Transit Auth., No. 08-CV-11336 (DC), 2009 WL 1514420, at *1 (S.D.N.Y. June 1, 2009); New York Islanders Hockey Club, L.P., v. Havoc Distribution, Inc., No. 07-CV-2720 (JFB) (WDW), 2008 WL 2439509, at *3 (E.D.N.Y. June 16, 2008). The conclusion that Plaintiff was not harmed by such a short delay is bolstered by the fact that he waited more than two months between filing and serving his Complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for a default judgment is DENIED and Defendants' Answer is DEEMED TIMELY FILED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   November  22 , 2010
         Central Islip, New York