UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JONATHAN P. WHARTON,

                        Plaintiff(s),                  <u>ORDER</u>

     -against-                                         CV 10-0265 (JS) (ETB)

COUNTY OF NASSAU, et al.,

                        Defendant(s).
------------------------------------------------------------------------X

       Discovery in this action has been extended on at least four (4) prior occasions. This action was commenced <u>pro se</u> in January 2010. The initial conference was held in May 2010. The original discovery completion date was January 26, 2011 - fifteen (15) months ago. Although, at the parties' request, this action was referred to mediation, pursuant to § 83.11 of the Local Civil Rules, that order expressly provided that "[t]here is no stay of discovery." After four (4) discovery extensions and counsel having been retained by the plaintiff and an amended complaint having been filed by plaintiff's counsel, the Law Offices of Frederick K. Brewington, on November 4, 2011, all discovery is scheduled to be completed by April 6, 2012.[1] See order dated February 16, 2012.

       The initial scheduling order, dated February 1, 2010, stated that "[a]ny motion for court intervention relating to discovery must be filed at least thirty (30) days prior to discovery completion." (Order dated February 1, 2010 at 2, No. 3). Notwithstanding the above, by letter application dated March 25, 2012 - ten (10) days prior to discovery completion - plaintiff's

---

[1] The court noted on January 6, 2012, when discovery was extended to March 6, 2012, that that was the "final extension." Notwithstanding that, the parties requested, and were granted, the extension to April 6, 2012.

-1-

counsel seeks to compel "proper responses" to plaintiff's interrogatories dated December 23, 2011. The reason for the lack of proper response is that the interrogatories exceed "25 . . . including all discrete subparts." See Rule 33(a)(1). Examination of the interrogatories confirms that defendants' objection to the interrogatories is true. See Bujnicki v. Am. Paving & Excavating, Inc., No. 00-CV-0646S, 2004 U.S. Dist. LEXIS 8869, at *24 (W.D.N.Y. Feb. 25, 2004) (noting that Rule 33 limits the number of interrogatories to twenty-five, "including all discrete subparts," and stating that "[p]arties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects"); see also Cramer v. Fedco Automotive Components Co., Inc., No. 01-CV-0757E, 2004 U.S. Dist. LEXIS 13817, at *13 (W.D.N.Y. May 26, 2004) ("Courts have held that interrogatory subparts are to be counted as discrete subparts if they are not logically or factually subsumed within and necessarily related to the primary question . . . Thus, if the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not factually subsumed within and necessarily related to the primary question."). I further note that on February 14, 2012, when the last adjournment was requested by defendants' counsel, with the consent of plaintiff's counsel, there was no mention of any outstanding interrogatories, even though a response was more than three (3) weeks overdue at that time.

Based on the foregoing, the plaintiff's motion to compel is denied as untimely, as well as being without merit. "[A] scheduling order is the critical path chosen by the [court] and the parties to fulfill the mandate of [Federal Rule of Civil Procedure] 1 in 'secur[ing] the just, speedy, and inexpensive determination of every action.'" Hnot v. Willis Group Holdings Ltd.,

No. 01 Civ. 6558, 2006 WL 2381869, at *3 (S.D.N.Y. Aug. 17, 2006) (quoting Marcum v. Zimmer, 163 F.R.D. 250, 253 (S.D. W.Va. 1995)). It is not "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Hnot, 2006 WL 2381869, at *3 (quoting Goewey v. United States, 886 F. Supp. 1268, 1283 (D.S.C. 1995)). Plaintiff has had approximately twenty-two (22) months to conduct discovery in this action. That is more than an "ample opportunity to obtain the information by discovery in this action." See Rule 26(b)(2)(C)(ii). All discovery shall be completed by April 6, 2012.

Defendants' cross-motion to compel adequate interrogatory responses, contained in their opposition to plaintiff's letter motion, is denied as well, for the same reasons set forth above. It is also denied as a prohibited cross-motion in a letter application. See Individual Mot. Practices of Boyle, M.J., at 2(A) ("The court will not consider any cross-motion included in opposition to a letter motion.").

The parties shall comply with all remaining provisions of the order dated February 16, 2012, including seeking leave to file "a motion for summary judgment, consistent with the rules" of Judge Seybert by May 4, 2012 and the filing of a joint pre-trial order by May 25, 2012. See order dated February 16, 2012.

**SO ORDERED:**

Dated: Central Islip, New York
      March 29, 2012

                                             /s/ E. Thomas Boyle
                                             E. THOMAS BOYLE
                                             United States Magistrate Judge