UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JONATHAN P. WHARTON,

                                Plaintiff,                        **ORDER**
            -against-                                                          CV 10-265 (JS)(AYS)

COUNTY OF NASSAU, et al.,

                                Defendants.
------------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

      This case settled in February of 2016 DE 142. The case was thereafter closed while counsel worked together to draft appropriate settlement documents. See DE 143. It was clear that Plaintiff's retirement was an important element of the settlement, and that resolution of this matter required that Defendants secure approval of the settlement from the Nassau County Legislature. To these ends, the settlement documents drafted and agreed upon by counsel provide for legislative approval and an orderly procedure for Plaintiff's retirement. Specifically, the settlement agreement provides that once the Legislature approved of the settlement Plaintiff "shall submit his resignation to the appropriate State agency(ies) and department(s) and shall submit his resignation to the appropriate County agency(ies) and department(s)." DE 146 and 147. Legislative approval has been secured and the Plaintiff has submitted his resignation to the appropriate State and County agencies and/or departments. These submissions provide for Plaintiff's last day of work to be December 22, 2016. Having submitted all documents as required by the parties' settlement, Plaintiff seeks payment of the agreed-upon settlement amount. Despite Plaintiff's submission of the documents required by the parties' agreement, Defendants now take the position that the settlement amount will not be released until Plaintiff

actually leaves his place of employment. In particular, the County argues that no payment is necessary until Plaintiff has "actually" left his job, "turn[ed] in his shield, etc." DE 147.

Citing the terms of the settlement agreement as quoted above, Plaintiff's counsel contacted this court On December 2, 2016, seeking an immediate conference as to Defendants' refusal to pay. DE 146. This Court held a telephone conference on December 4, 2016, and allowed Defendants until 4:00 P.M. to submit a letter detailing their position as to the proper date of payment. Upon review of the settlement agreement language (which is quoted uniformly by both parties in their submissions (DE 146 and 147)), this Court holds that Plaintiff has complied with the conditions imposed therein and is therefore entitled to payment.

The language counsel chose regarding the parties' obligations to effectuate settlement is plain. First, legislative approval is to be obtained. That has occurred. Next, Plaintiff is to *submit* retirement papers -- first, to the State and second, to the County. He has. These two conditions are all that is required to trigger the requirement of payment to Plaintiff. Despite Defendants' argument, there is no language stating that Plaintiff will not be paid the settlement amount until his last day of actual attendance. Defendants could have bargained for and included such clear language in their settlement agreement. They did not, and the language they chose includes no such condition.

The Court rejects the argument that the second clause of the settlement agreement which requires "submission" of Plaintiff's resignation to the County, must be construed as triggering payment only after Plaintiff's last day of employment. The settlement includes no such language and, contrary to Defendants' position, the failure to include that language does not render the clause referring to "submission" of his "resignation" to the County as superfluous. Instead, the plain language of the settlement agreement sets forth two separate conditions for the Plaintiff to

2

fulfill. First, submission of his retirement papers to the State and second, submission of his resignation to the County. These are two separate conditions that stand independently. The Court need not impose any additional condition to afford meaning to the second condition and declines to impose any requirement that is not set forth in the parties' agreement.

In sum, Plaintiff has, as required by the parties' agreed upon settlement agreement, actually retired from his position with the County. He has done so by submission of the appropriate paper work, as set forth in the parties' agreement. Certainly, if Plaintiff were to renege on his agreement to retire, he would not be entitled to any payment. Plaintiff has nowhere indicated any intention other than to retire. There is no support for Defendants' argument that Plaintiff will for some reason fail to retire and "conjure up litigation of either his own or others." DE 147 at 2. Upon payment of the settlement amount, Plaintiff will, as required, file a final discontinuance of this action with prejudice as set forth in the settlement agreement. At this point, having filed the precise submissions required by the settlement agreement, Plaintiff is entitled to payment.

Dated: Central Islip, New York
December 6, 2016

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge